## The City of Detroit v. Elenore M. Beckman.

*Concessions on the trial: Admission of rule of law.* A concession on the trial that the defendant, a city, is liable for the injury complained of, is but the admission of a rule of law, and the court is not bound to accept and act upon it if satisfied there was in fact no right of action.

*City improvements: Defects in the plan: Legislative action.* Where complaint is made that the original plan of a city improvement is so defective as to render the work dangerous when completed, the fault found is with legislative action, and a suit grounded upon it is grounded on a wrong attributable to the legislative body itself.

*Public improvements: Appropriation of private property: Plan of the work.* The distinction in principle is pointed out between the case where the complaint is that the work must necessarily cause an injury to private property equivalent to an appropriation of some enjoyment thereof to which the owner is entitled, and a case where the fault found is with the plan, as not being the most wise and prudent to protect against accidents.

*Highways: Guarding against dangers: Discretion: Local legislative action: Political question.* The extent to which the public authorities shall guard the citizen against dangers when he is making use of a highway or other public convenience is and must be a matter of discretion. The wisdom and propriety of local legislative action cannot be made a judicial question; it is and must be a political question, and can arise only between the legislator and his local constituency.

*Submitted on briefs April 14.    Decided June 6.*

Error to Superior Court of Detroit.

*D. C. Holbrook*, for plaintiff in error.

*Otto Kirchner*, for defendant in error.

COOLEY, CH. J:

This action was brought by the defendant in error to

recover for the negligent killing of her intestate. The death appears to have been caused by the intestate running the wagon which he was driving through one of the city streets off the end of a culvert and overturning into a ditch. The accident took place late in the evening, and the complaint is, that the city was negligent in causing so short a culvert to be constructed, and leaving so much of the ditch open and unprotected. The ditch and culvert were not of recent construction, and it was not alleged that there was any negligence whatever in the construction except that which pertained to the plan itself.

In the brief for the defendant in error it is stated that "no question is made as to the liability of the city of Detroit for the injury set out in the declaration. The only questions arise upon the charges and refusals to charge as to what constitute negligence, etc." We do not find this distinctly admitted on the part of the city, and if it were, the admission of a rule of law could not obligate the court to accept and act upon it. And in this case it is very plain that there is no right of action whatever.

When complaint is made that the original plan of a public work is so defective as to render the work dangerous when completed, it is apparent that the fault found is with legislative action, and a suit grounded upon it is grounded on a wrong attributable to the legislative body itself. For the determination to construct a public work, and the prescribing of the plan, are and must be matters of legislation, whether done on behalf of the state by or under the direction of its legislative body, or on behalf of a county, town or city by or under the direction of the proper board or council. In the carrying out of the plan there may be negligence attributable to ministerial officers, but negligence in the plan itself must be attributed to the body that devised, ordered or adopted it.

There are cases in which a municipality has been held liable for the construction of a public work which necessarily and inevitably caused injury to individuals. The case

of *Perry v. Worcester, 6 Gray, 544,* may be placed in this category. There in repairing a bridge over a river the space for the passage of the water was so narrowed that in times of freshet the water was set back upon proprietors above, to the serious injury of their property. *Child v. Boston, 4 Allen, 41,* was a case where a city was held liable for flooding the plaintiff's premises by neglecting to keep a sewer open and unobstructed, and it can have no bearing on the present controversy. *Lacour v. New York, 3 Duer, 406,* was an action on the case for an injury occasioned by an excavation in one of the streets of New York. On a careless reading it might seem to afford some countenance to the present action, but it is manifest from the opinion that negligence in the performance of the work was the basis of the recovery. There are many cases similar to these, in some of which the judgment has been based upon the negligent action of ministerial agents, while others have given a remedy for what was, in effect, a direct invasion of private property.

The distinction in principle between the case where the complaint is, that the work must necessarily cause an injury to private property equivalent to an appropriation of some enjoyment thereof to which the owner is entitled, and a case where the fault found is with the plan, as not being most wise and prudent to protect against accidents, seems very distinct and palpable. The public authorities cannot appropriate a man's property without making him compensation, whether it be done by excluding him from his land or by flooding or otherwise injuring it; but to what extent they shall guard the citizen against dangers when he is making use of a highway or other public convenience, is and must be a matter of discretion. The wisdom and propriety of local legislative action cannot be made a judicial question; it is and must be a political question, and can arise only between the legislator and his local constituency.

The leading English case upon this subject of *Governor, etc., v. Meredith, 4 T. R., 796,* has been often recognized

in this country, and the principle applied in a variety of cases. It was applied in *Wilson v. New York, 1 Denio, 595,* where the complaint against the city was of neglect to construct proper drains and sewers to carry off surface water. This case was followed in *Mills v. Brooklyn, 32 N. Y., 489,* in a careful opinion by *Denio, J.,* who refers to several decisions in New York which give it support. A like decision was made in *Carr v. Northern Liberties, 35 Penn. St., 324–329,* where the following remarks are made by *Lowrie, Ch. J.:* "Municipal corporations have often been held liable for carelessness in the exercise of their functions; but if we undertake to correct the evil in such a case as this, on the ground of carelessness, we do not see how to escape from the necessity of submitting the propriety of all acts of grading and draining in our towns to the decision of juries; for even discretionary acts may be charged to have been ignorantly or carelessly resolved upon. Any street may be complained of as being too steep or too level; gutters as being too deep or too shallow; or as being pitched in a wrong direction; and there may be evidence that these things were carelessly resolved upon, and then a tribunal that is foreign to the municipal system will be allowed to intervene and control the town officers. And the end is not yet; for if a regulation be altered to suit the views of one jury, the alteration may give rise to another case, in which the new regulation will be likewise condemned. This theory is so vicious that it cannot possibly be admitted." In support of the same views reference may also be made to *Child v. Boston, supra; Roberts v. Chicago, 26 Ill., 249; Snyder v. Rockport, 6 Ind., 237; Lambar v. St. Louis, 15 Mo., 610; Cotes v. Davenport, 9 Iowa, 227; White v. Yazoo, 27 Miss., 357;* and many others, all of which follow the early case of *Callender v. Marsh, 1 Pick., 418,* in which it was decided that no recovery could be had for incidental injury to property occasioned by the grading of a street; no question of negligence in the performance of the work being involved.

·DETROIT v. BECKMAN.

In this state the question which lies at the foundation of this suit is not an open one. In *Larkin v. Saginaw County, 11 Mich., 88*, it was decided that no action would lie for an injury resulting from an exercise of legislative authority. In *Pontiac v. Carter, 32 Mich., 164*, which was a case of injury by change in the grade of a street to buildings previously erected with reference to an established grade, the point was quite fully discussed, and the liability of the city denied. These cases are decisive of the present. —And see *Dermont v. Detroit, 4 Mich., 435-443*.

Several of the rulings in the court below conflict with these views, but as it is necessary to pass only upon the main question, we do not consider it important to refer to the rulings specially. The judgment must be reversed, with costs of both courts. As no recovery can be had under the declaration, a new trial is not ordered.

The other Justices concurred.