PALAZZOLO *v.* JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

1. INFANTS—BEST INTEREST OF INFANT SHOULD BE CONSIDERED AND DETERMINED BY COURT.

In the settlement of litigation involving the rights of an infant, the court should consider and determine whether the proposed settlement is for the best interest of the infant.[1]

2. SAME — PERSONAL INJURIES — SETTLEMENT — CONFESSED JUDGMENTS.

Where a four-year old boy was seriously injured when struck by an automobile operated at a dangerous and reckless rate of speed, a confessed judgment, entered on agreement of counsel of casualty company carrying the risk and attorneys hired by such company to represent the boy, without the presence of himself or his parents in court, for $125, which, together with $415 theretofore paid the parents, would not cover the expenses incurred, leaving nothing to compensate him for his injuries, should be set aside as having been entered without considering the merits of the case.[2]

3. SAME—CONFESSED JUDGMENT FOR OR AGAINST INFANT SHOULD NOT BE ENTERED WITHOUT CONSIDERING MERITS OF CONTROVERSY.

In adjusting an action on behalf of an infant for injuries, courts must exercise discretion and judgment in the merits of the controversy, and not allow a judgment, whether for or against the infant, to pass as a matter of course.[3]

Mandamus by Joseph Palazzolo, an infant, by his next friend, to compel Leonard D. Verdier, judge of the superior court of Grand Rapids, to vacate an order denying a motion to set aside a judgment. Submitted January 26, 1926. (Calendar No. 32,210.) Writ granted April 30, 1926.

[1] Infants, 31 C. J. § 302; [2] Judgments, 34 C. J. § 660 (Anno); [3] Infants, 31 C. J. § 302 (Anno).

*Wicks, Fuller & Starr* and *Linsey, Shivel & Smedley,* for plaintiff.

*Dilley, Souter & Dilley,* for defendant.

BIRD, C. J.    Joseph Palazzolo is an infant, four years of age.    He lives with his parents in Grand Rapids.    On May 16, 1924, the automobile of Roy C. Sackett, driven by Carlton C. Becker, ran against and over Joseph, seriously injuring his leg.    He was laid up for several months and required hospital services and the attention of a physician.    When a large amount of expenses had accrued the mother of Joseph took the bills to the office of the casualty company and asked it to pay them.    The interest of the casualty company was because it had written the insurance upon Sackett's car.    After some little delay the casualty company paid $415 to cover the bills, but at the same time making protest that there was no liability.    Feeling that the matter had not been legally concluded, the attorneys for the casualty company had Jacob, the father of Joseph, petition the court to be appointed next friend.    It then claims it made a settlement with Jacob and Alice, the father and mother of the boy, for $125.    The casualty company then employed counsel to appear for the boy in court.    A declaration was filed by them charging defendant with operating the automobile in a reckless manner and with excessive speed.    Subsequently the attorneys for the casualty company and the attorneys it had employed for the boy went into court and took a "confessed judgment" for $125 in favor of Joseph on the agreement made with the parents.    Neither the boy nor his parents were present when the judgment was taken.    The father of the boy refused to accept the money on this judgment.    Subsequently different counsel were substituted for the boy, and they filed a petition praying that the judgment be set aside.    The

matter was heard by defendant and denied. This application was then made for a writ of mandamus to compel defendant to vacate his order of denial. The question raised is whether the settlement and judgment bind the infant.

The authority of a parent, guardian, or next friend to settle property rights of an infant by compromise was considered and determined recently in the case of *Metzner* v. *Newman*, 224 Mich. 324 (33 A. L. R. 98). The question there involved was the rights of minors as legatees under the will of their grandfather. After reviewing the authorities at some length, we said:

"This court having looked with favor upon the adjustment of the differences of adult relatives with reference to the settlement of estates will also look favorably upon the adjustment of differences in the family over the settlement of estates where infant legatees are interested, *provided the proposed compromise of the differences is submitted to the court and a finding made that the settlement and compromise are for the best interests of the infants.*"

It is our understanding from the briefs that both counsel recognize this law should govern the case, but defendant's counsel say that the rule as laid down in that case was followed in this, and counsel take issue on that question.

The court had before him the fact that the boy was only four years of age, that he was run over and seriously injured. Dr. O'Brien testified that the boy was permanently injured and would probably always be lame. It further appeared that there were doctors' bills, hospital bills, and that the mother had to nurse him for several months. It further appeared from the declaration which the attorneys for the casualty company caused to be filed in the case, that the injuries to the plaintiff's right leg were received "by reason of the carelessness and negligence of said

defendant, Carlton C. Becker, in driving said automobile, the negligence of the said defendant, Carlton C. Becker, consisting of driving said automobile at a dangerous and excessive rate of speed and without due regard for the pedestrians on said street." In the petition prepared by the lawyers of the casualty company, for Jacob's appointment as next friend, it was set up that the boy, Joseph, had a meritorious cause of action against Sackett and Becker. With this and other information which was presented to the court, we are disinclined to believe that the court considered the merits of the case, and concluded that it was for the best interest of the boy to accept a sum which would not cover the expenses incurred by reason of the injuries. The record fairly shows that the $415 paid, and the $125 proposed to be paid, would not cover these expenses. If this be so, then that would leave the boy nothing to compensate him for his injuries.

The record of the judgment shows:

"In this cause said parties being present in court it is agreed by stipulation that a confessed judgment be entered in the sum of $125, without costs, and without prejudice to either party." (It has been shown since the argument of the case that the words "without prejudice to either party" were an error and should be omitted.)

After these facts were submitted, the court was advised that the injuries of the boy were very serious, and if the testimony was not full enough to advise him as to whether the sum proffered should be accepted, he should have adjourned the hearing and had the boy brought in and the parents notified, and investigated to the point of being satisfied whether the boy had a probable cause of action, and, if he had, whether this was a fair settlement of it. In other words, the law contemplates the presiding judge will exercise some discretion and judgment in the merits

of the controversy, and not allow a judgment, whether for or against a minor, to pass as a matter of course. As we have said, we are inclined to believe that the court treated it as a "confessed judgment" without taking any interest in the merits, and for this reason we think the judgment should be vacated.    The writ will issue as prayed, if necessary.

SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.    SNOW, J., did not sit.