## DUDEX v. STERLING BRICK CO.

1. INFANTS — EQUITY — COLLATERAL ATTACK — FRAUD IN SETTLE-
MENT OF INFANT'S CLAIM.

   A settlement of an infant's claim made by and under an
   order of the probate court which it has jurisdiction to
   make may not be challenged collaterally, but it may be
   attacked as unfair or fraudulent in a direct proceeding
   in equity for the purpose of setting it aside.

2. SAME — VOID ORDER OF PROBATE COURT MAY BE COLLATERALLY
ATTACKED.

   Where the probate court did not have jurisdiction to
   make an order for compromise and settlement of an in-
   fant's claim in a tort action pending in the circuit court,
   the order is void and open to collateral attack.

3. SAME — NEXT FRIEND MAY SETTLE INFANT'S CLAIM WITH AP-
PROVAL OF CIRCUIT COURT.

   Subject to the approval of the circuit court, or by its
   direction, when fully advised in the premises, an infant's
   next friend has authority to negotiate a settlement with
   a defendant, to conclude the same, and to collect the
   money.

4. SAME — COURTS BOUND TO GUARD INFANT'S INTERESTS IN SETTLE-
MENTS OF CLAIMS.

   3 Comp. Laws 1915, § 12380, considered with the long-settled
   policy of the law, *held*, to bind courts officially to look
   well to the interests of infants when compromises or settle-
   ments are effected, and to contemplate that the next friend
   shall give a bond to the infant as required by the officer
   making the appointment.

5. SAME — CIRCUIT COURT SHOULD GUARD INTERESTS OF NEXT
FRIEND.

   While the circuit court has the duty of guarding the
   interests of its infant litigants, it has the further duty
   of protecting the rights of the next friend and the attorney
   acting for him.

[1]Infants, 31 C. J. § 302; [2]Id., 31 C. J. § 302; [3]Id., 31 C. J. §
302 (Anno); [4]Id., 31 C. J. § 302; [5]Id., 31 C. J. § 254.

6. SAME—NEXT FRIEND ACCOUNTABLE TO CIRCUIT COURT—GENERAL
GUARDIAN ACCOUNTABLE TO PROBATE COURT.

The next friend of an infant is an officer of the circuit
court, where bond was, or ought to have been, required
of him, he is subject to the lawful orders of said court
in the cause, and is accountable in that court, while the
general guardian is the appointee of the probate court,
bonded there, subject to the lawful orders of that court
pertaining to his duties, and is accountable in that court.

7. SAME — COMPROMISE AND SETTLEMENT BY GENERAL GUARDIAN
PENDING ACTION IN CIRCUIT COURT VOID.

In an action by an infant, by next friend, for personal
injuries, the trial court was in error in directing a verdict
in favor of defendant because said claim had been settled
by the general guardian under order of the probate court
while the action was pending in the circuit court, since,
under the circumstances, the circuit court alone had juris-
diction of the case, and the order of the probate court
was void; and it is immaterial that the next friend and
the general guardian are the same person.

8. SAME—MONEY PAID UNDER VOID ORDER RECOVERABLE AS PAID
WITHOUT CONSIDERATION.

Money so paid by the defendant to the general guardian
may be recovered as paid under a void order and without
consideration.

9. SAME—TENDER BY NEXT FRIEND NOT NECESSARY TO RESCIND
VOID SETTLEMENT MADE BY GENERAL GUARDIAN.

Where a void settlement of an infant's claim for personal
injuries was made by the general guardian, the next friend
is not required to tender back money paid thereunder be-
fore proceeding with the action against the defendant,
because, although tender back is necessary to rescind an
agreement, the next friend had made no agreement to
rescind, and the one made by the general guardian was
not binding on him.

Error to Wayne; Moynihan (Joseph A.), J.     Sub-
mitted October 21, 1926.     (Docket No. 17.)     De-
cided February 4, 1927,     Rehearing denied April 1,
1927.

---

⁶Infants, 31 C. J. §§ 276, 293, 297; ⁷Id., 31 C. J. § 302; ⁸Id.,
31 C. J. § 302 (Anno); ⁹Id., 31 C. J. § 302 (Anno); L. R. A.
1918C, 58; 14 R. C. L. 289; 3 R. C. L. Supp. 208; 4 R. C. L.
Supp. 894; 5 R. C. L. Supp. 758; 6 R. C. L. Supp. 810.

Case by Leonard Dudex, an infant, by his next friend, against the Sterling Brick Company and another for personal injuries.    Judgment for defendants on a directed verdict.    Plaintiff brings error. Reversed.

*M. F. McDonald* and *Walter M. Nelson* (*Arthur Jones*, of counsel), for appellant.

*Kerr, Lacey & Scroggie,* for appellees.

BIRD, J.    Leonard Dudex, a small boy three years of age, while walking along Military avenue in the city of Detroit, was run over and injured by a truck owned by defendant Sterling Brick Company.    The injury was so serious that he was obliged to have his right leg amputated above the knee.    Attorney McDonald appeared in court for the boy.    John Dudex, the father of the boy, was appointed his next friend by the circuit court, and suit was begun September 15, 1925, and the declaration was filed on October 5th. Plea was filed on October 12th.    The negligence complained of was excessive and unlawful speed, failure to give timely warning of the approach of the truck, failure to operate the truck with ordinary care and caution, and that said truck was being driven left of the center of the highway.    On December 12th plaintiff made a motion to advance the cause on the docket. This was met by defendants by a showing that the cause had been settled.    The motion to advance was granted.    The case afterwards came on for trial and it appeared from the cross-examination of plaintiff's father that he had settled the case on approval of the probate court.    In view of this, the trial court directed a verdict for defendants, saying in part to the jury:

"Now, there is the contention of the plaintiff and the claim, to some extent here, that this settlement was an improper one; that it was not for the best interests of the plaintiff, and that it should not have been al-

lowed.    While that may be true, members of the jury, the condition of the pleadings in this case being a declaration alleging negligence, and, on the other hand, a plea of the general issue, coupled with notice of special defense, we cannot go into that matter— whether this settlement was an improper one—was a good settlement or not—whether it was obtained by fraud' or not—the condition of the pleadings in this case will not admit of our going into it, and so, at the close of the plaintiff's case, defendant has made his motion for the direction of a verdict, based on the ground that the matter in dispute having been amicably adjusted and settled as between the parties, that, therefore, plaintiff has no standing in court.    *    *    * Now, while this is, indeed, a sad case, and while our sympathies may be extended to the parents and to the child, under the existing circumstances, of course, we have only heard just a little bit of the testimony, from the way it stands we do not know, of course, whether the defendant was negligent or not, nevertheless, it is a very sad case and one that excites our sympathy, and yet we cannot permit our sympathies or our prejudices to rule on a question of law."

The question is raised by the attorney for plaintiff that the trial court was in error in admitting the order of settlement by the probate court and the settlement receipt by the father.    He insists that the probate court had no jurisdiction of this negligence case, that the circuit court did have, and that if a settlement was proposed it was the duty of the next friend to bring it to the attention of the trial court; it was then the duty of the trial court to investigate the particulars of the accident and the terms of the proposed settlement and determine whether it was for the best interests of the infant that the case be settled for the sum proposed.

We have recently held that, where it was proposed to compromise pending litigation in which a minor was a party, neither the next friend nor the general guardian could compromise it without the aid of the court that had jurisdiction of the suit.    *Palazzolo* v.

*Judge of Superior Court,* 234 Mich. 547. When the present case came on for trial it soon developed that the matter had been settled by the father, who was next friend and also general guardian, in pursuance of authority of the probate court, for the sum of $2,800, after the matter was at issue in the circuit court.

The trial court in directing a verdict evidently relied on the authority given by the probate court, and, therefore, took no trouble to inform itself whether the proposed settlement properly protected the rights of the infant. We think in this the court was in error. The circuit court had jurisdiction of this action for damages. When it appeared that it had been compromised it was the duty of the trial court to investigate and determine whether the announced settlement made by the next friend and guardian was a fair one for the infant. The finding of some other court would not suffice. The duty was upon the trial court, which had jurisdiction of the case.

The suit was begun in the circuit court. The circuit court appointed the next friend for plaintiff. The circuit court had before it the files in the case. It had knowledge of what the declaration charged. It had the power to develop the proofs and thereby learn the facts. If the court had not already learned what the facts were concerning the accident it should have proceeded far enough with the proofs to learn them. To enable it to do this it was within the power of the court to call in other witnesses, and when fully advised in the premises it should either give or withhold its consent to settle on the terms proposed.

Why this power is given to the trial court before which the suit is pending is because that court has every facility for learning what the infant's rights are. The probate court has not this opportunity without having the pleadings and proofs presented again

in that court.   Had a compromise been proposed be-
fore action was commenced in the circuit court it would
have been proper to invoke the aid of the probate
court, but after such a case is commenced in the
circuit court it is the duty of that court to conclude
it and see that the best interests of the infant are
conserved if a compromise is suggested.   *Metzner* v.
*Newman,* 224 Mich. 324 (33 A. L. R. 98).   In that
case the following is quoted touching the duty of the
trial court under such circumstances:

"If, in the course of a suit or any other proceeding
in this court, a compromise is proposed between one
or more adult persons, and one or more infants, the
court takes steps to ascertain whether it will be for
the benefit of the infant or infants that the proposed
compromise should be accepted.   Formerly this was
done by a reference to the master to ascertain that fact,
at present it is done sometimes by reference into
chambers, and sometimes without adopting that course,
if the judge, after considering the evidence presented
to the court, is of opinion that, without further in-
vestigation, it is sufficient to enable him to decide on
the matter.   In dealing with such a question, it is
the duty of a judge (and, as I believe, a duty always
performed by him) to consider carefully the facts, and
to determine, upon such consideration, what is best
to be done for the infant, in like manner as a father
would act for a son in similar circumstances.   No
doubt, in such cases, especially when the result of
this evidence is doubtful, the court is much influenced
by the opinion of the nearest relatives and guardians
of the infant, who have no interest in the matter except
to promote the advantage of the child.   When this has
been done, and the court has decided in favor of the
arrangement, and the arrangement has been thereupon
carried into execution, the whole thing is concluded."

It is said in 14 R. C. L. p. 288 that

"It is usually held that the next friend cannot enter
a satisfaction of a judgment and still less can he bind
the infant by a compromise of his claims.   If a com-
promise should seem desirable, the proper course is

for him to submit it to the court, by whom he was appointed or permitted to act, for its approval and sanction.    When so approved it will be valid and binding."

"A next friend cannot compound a judgment, nor release nor discharge a cause of action out of court. He has no power to compromise or settle without the express sanction of the court.    But a compromise may be enforced by the court when made for the infant's benefit."    14 Enc. Pl. & Prac. p. 1040.

It will be unnecessary to cite authorities to the proposition that after the circuit court has once taken jurisdiction of this matter it could not be divested of it by the probate court, or by any other court of coordinate jurisdiction.    Therefore the objection to the admission in evidence of the authority of the probate court to make the settlement should have been sustained.

Complaint is made that if plaintiff desired to avoid the settlement and proceed with the trial he should have tendered back what had been paid to make the settlement.    The answer to this is that nothing had been paid to the minor nor to any one else who had authority to receive it.    If defendant has paid money to some one who had no authority to receive it it has its remedy.

By reason of the failure of the trial court to determine whether the proposed compromise was a fair one for the minor, the judgment is reversed and a new trial granted, with costs to plaintiff.

WIEST and McDONALD, JJ., concurred with BIRD, J.

CLARK, J. (*concurring*).    Justice BIRD has reached the right result.    The infant by his next friend is in the circuit court seeking trial on the merits, which has been denied.    Is the denial erroneous?    If the probate court had jurisdiction to make the order for compromise and settlement of the infant's claim in the tort

action then pending in the circuit court, such order cannot be challenged collaterally.   To set aside a settlement made by and under an order of the probate court which it had jurisdiction to make, as unfair or fraudulent, there must be direct proceeding for that purpose, a bill in equity.   It was held in *Berdan* v. *Insurance Co.*, 136 Mich. 396 (4 Ann. Cas. 332), quoting syllabus:

"Equity has jurisdiction to set aside a fraudulent settlement of a minor's claim against an insurance company, made by his guardian under the direction of the probate court, as there is no adequate remedy at law."

If the probate court did not have jurisdiction to make the order, it is void and open to collateral attack. To that point no authority need be cited.   The order of the probate court, by and under which the settlement was made, is void.   The tort action was pending in the circuit court.   A next friend had been appointed.   Subject to the approval of the circuit court or by its direction, when fully advised in the premises, a next friend has authority to negotiate a settlement with a defendant, to conclude the same and to collect the money.   *Baker* v. *Railroad Co.*, 142 Mich. 497 (3 L. R. A. [N. S.] 76, 7 Ann. Cas. 605); 31 C. J. p. 1142.   Our statute (3 Comp. Laws 1915, § 12380), considered with a long settled policy of law, that courts are bound officially to look well to the interests of infants, contemplates that the next friend shall give a bond to the infant as required by the officer making the appointment, and we think the case most exceptional in which a next friend, before having money or property of the infant, would not be required to give bond.   And while the circuit court had the duty of guarding the interests of its infant litigant, it had the further duty of protecting the rights of the next friend, and the attorney acting for him.   It was held

in *Sheahan* v. *Wayne Circuit Judge,* 42 Mich. 69, quoting syllabus:

"A court should not give up control of a fund belonging to infant litigants without securing the rights of their guardian *ad litem* or his solicitor."

Before the next friend may charge the infant with reasonable and necessary expenditures for attorneys' fees and the like, his account should be examined and approved by the circuit court. Before the next friend may pay over to a general guardian the funds of the infant remaining in his hands, he should be authorized by the circuit court so to do, and he should not be so authorized until the circuit court shall have been satisfied that there is a duly-appointed general guardian under good and sufficient bond. It was said in *West-brook* v. *Comstock,* Walk. Ch. 314:

"Before the court will order it to be paid to the general guardian, it must be satisfied he has given sufficient security for the performance of his trust, and that he has not abused that trust."

The means and authority of the circuit court to effectuate a settlement are ample. By the settlement with the general guardian the next friend is left in the unseemly position of being without funds to pay counsel and to meet obligations which have been incurred by reason of his appointment and in behalf of the infant. The following cases, not squarely in point, indicate the policy of the law. *Sheahan* v. *Wayne Circuit Judge, supra,* was mandamus to compel the circuit judge to recall money arising upon foreclosure sale belonging to infants which had been paid out of court into the hands of parties assuming the right to receive it as attorneys for the general guardians. It was held:

"General guardians do not represent infants for any purpose in such a litigation as this, and whether proper parties at all or not, their solicitors are in no sense

authorized to act so as to bind the rights of the infants. Guardians *ad litem* are appointed for this purpose, but they cannot bind the infants except in strict accordance with the rules framed for their protection. The court itself must be vigilant to preserve them from injury."

And we quote syllabus of *Westbrook* v. *Comstock,* *supra:*

"Where money was directed to be paid into court, under a decree, for an infant, and her guardian accepted a deed of lands in lieu thereof, *it was held,* that it was not binding on the infant; and that the guardian had no right to receive the money, much less land in lieu of it."

In *Betts* v. *Hancock,* 27 Ga. App. 63 (107 S. E. 377), an infant by next friend obtained a judgment in the superior court. The case went to the supreme court on writ of error. The law of the State was that the whole case thereby passed out of the jurisdiction of the superior court until remitted back from the supreme court. While the case was in the supreme court the next friend filed in the superior court a petition that he be allowed to compromise the judgment, and the petition was granted. The action of the superior court was held void and the compromise not binding on the infant. The defendant paid a large sum to plaintiff's attorneys "in full and final payment and satisfaction of all their claims and interest," etc. It was held that the infant was not affected by this payment to the attorneys, nor by payment of money to next friend, which money had not been received and retained by the plaintiff after reaching his majority, and it was held that the plaintiff was not estopped from pursuing his rights under the execution in the case.

We conclude that the circuit court had jurisdiction and that the probate court had not. That the next friend and the general guardian are the same person

makes no difference. The next friend was an officer of the circuit court, where bond was, or ought to have been, required of him, and he was subject to the lawful orders of the said court in the cause. He is accountable as next friend in that court. The general guardian was the appointee of the probate court, bonded there, and subject to lawful orders of that court pertaining to his duties. He is accountable in that court as guardian. The official capacities ought not to be confused. The case is precisely as if two persons had been appointed to such offices. The general guardian is not in this cause and not before the court.

The order allowing the settlement being void, there is no occasion for inquiring of its other possible infirmities.

But what of the effect of making payment to the general guardian? Relative to this question we quote from *Betts* v. *Hancock, supra:*

"The judge who passed the order allowing a settlement of the judgment in this case having, under the ruling in paragraph (*a*) above, 'no kind of authority over the cause,' the order is void and the payment made thereunder by the defendant to the 'next friend' would not bind the minor, the 'next friend' having no authority, without 'due judicial examination and adjudication,' to settle the judgment, and no part of the money having been turned over to the minor after he reached his majority. 'A guardian *ad litem* or next friend has no authority to compromise or settle a suit except by leave of the court.' "

To constitute payment to an infant, the payment should be made to one lawfully authorized to receive the same. The payment to the general guardian was under a void order, and bound neither the infant nor the next friend. The infant by his next friend may proceed in the circuit court irrespective of the payment to the general guardian, and defendant may recall and recover the money so paid as paid under a void order and without consideration. The next friend was

under no duty to restore or tender back the said payment before proceeding to trial on the merits. He had nothing to restore. The payment had been made to the general guardian. Ordinarily, tender back, in these cases, is to rescind the compromise agreement. *Randall* v. *Railway Co.*, 215 Mich. 413. The next friend could not rescind an agreement that he did not make. And it did not bind him. The infant, by his next friend, being in court seeking trial on the merits, and the order of the probate court being void and the settlement not binding on the plaintiff, the trial, for aught that appears here, should proceed.

What has been said takes nothing from the right, so frequently exercised, of the probate court to allow compromise and settlement in proper cases.

I concur in reversal.

SHARPE, C. J., and SNOW, STEERE, and FELLOWS, JJ., concurred with CLARK, J.