DROUILLARD v. CITY OF ROSEVILLE.

1. CERTIORARI—SUPERINTENDING CONTROL—SCOPE OF REVIEW.
    Superintending control replaces certiorari but the scope of review thereon·has not changed (GCR 1963, 711.3).

2. COURTS—SUPERINTENDING CONTROL—RECORD.
    A circuit court, in exercising superintending control to review the action of another tribunal, must decide on the record made below.

3. CERTIORARI—SUPERINTENDING CONTROL—RECORD.
    A circuit court has nothing to review by way of certiorari or application for superintending control if no record was made in the tribunal below (GCR 1963, 711.3).

4. INJUNCTION—SUPERINTENDING CONTROL—HEARING BY CITY CIVIL SERVICE COMMISSION.
    Action against city civil service commission for injunction against use of civil service examination results and other relief, brought after plaintiffs attempted unsuccessfully to have a hearing on their complaints before the civil service commission, held, improperly treated by trial court as an action for superintending control of the civil service commission, because there was no hearing before the civil service commission to be reviewed by an action of superintending control.

5. MOTIONS—ACCELERATED JUDGMENT.
    Whether plaintiffs have stated a claim upon which relief can be granted is not material to a motion for accelerated judgment (GCR 1963, 116).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  14 Am Jur 2d, Certiorari §§ 3, 63 et seq.
[3, 4]  14 Am Jur 2d, Certiorari § 66.
[5, 6]  41 Am Jur, Pleadings § 335 et seq.
[7, 8]  41 Am Jur, Pleadings § 340 et seq.
[9]  41 Am Jur, Pleadings § 342.
    Propriety of considering answers to interrogatories in determining motion for summary judgment.   74 ALR2d 984.
[10]  5 Am Jur 2d, Appeal and Error § 1009.

6. Same—Accelerated Judgment.

A motion for accelerated judgment is a means of testing certain defenses which may defeat a complaint even if it properly states a claim (GCR 1963, 116).

7. Same—Summary Judgment—Accelerated Judgment.

The defense that a complaint fails to state a claim upon which relief can be granted must be asserted by motion for summary judgment and may not be made by motion for accelerated judgment (GCR 1963, 116, 117).

8. Same—Accelerated Judgment—Pleadings.

Stipulation by parties in action for injunction and other relief that the court in considering defendants' motion for accelerated judgment could have recourse to all the pleadings, interrogatories, and depositions on file in the case and could consider them all in making its determination as to whether the plaintiffs. had stated a cause of action, applied only to a motion for accelerated judgment and did not authorize the court to determine a motion for summary judgment, which is the proper motion for deciding whether a claim has been stated upon which relief can be granted (GCR 1963, 116, 117).

9. Same—Summary Judgment—Interrogatories—Depositions.

Interrogatories and depositions are relevant to a motion for summary judgment only if the ground stated is that there is no genuine issue of material fact, not if it is asserted that the pleading fails to state a claim upon which relief can be granted or fails to state a defense (GCR 1963, 117).

10. Costs—Public Question—Civil Service.

No costs are allowed in appeal from judgment dismissing action to determine that a promotional examination for the position of sergeant in the city police department did not conform to the requirements of the civil service act, a public question being involved (CL 1948, § 38.501 et seq., as amended).

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 May 2, 1967, at Lansing. (Docket No. 2,213.) Decided December 8, 1967.

Complaint by Harold A. Drouillard and others against the city of Roseville, a municipal corporation, and the City of Roseville police and fire civil

service commission, for determination that a promotional examination did not conform to the requirements of the civil service act and to enjoin promotions based on that examination. Robert Peters and others intervened as defendants. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Butler & Martin,* for plaintiffs.

*William B. Ward,* City Attorney, for defendants.

T. G. KAVANAGH, P. J.    Plaintiffs, members of the Roseville police force took a promotional examination for the position of sergeant in the department. They failed to pass the examination and brought suit to determine that the examination as given was illegal as not conforming to the requirements of the civil service act* and asked that promotions based on that examination be permanently enjoined.

The plaintiffs assert the examination was faulty in the following particulars:

(1) The notice required by the act was not given.
(2) The accommodations for the examination were not suitable as required by the act.
(3) The scope of the examination was too broad in violation of the act's requirements.
(4) The secrecy provisions of a civil service commission resolution were not observed.

They assert that when they petitioned the civil service commission for a new examination based on these complaints, the commission ignored their request and certified the results of the examination.

---

\* CL 1948, § 38.501 *et seq.,* as amended (Stat Ann 1958 Rev § 5-.3351 *et seq.,* as amended).

The defendants denied that the notice required was not given; denied the accommodations were unsuitable; and denied the scope was improper.

They further maintained that these matters were all within the discretion of the civil service commission and were not reviewable by the court in a suit for a declaration of rights.

Accordingly they moved for accelerated judgment under GCR 1963, 116 on the basis that the circuit court lacked jurisdiction over the subject matter, and for summary judgment under GCR 1963, 117 on the basis that the plaintiffs failed to state a claim upon which the relief sought could be granted.

The court elected to treat the suit "in the nature of superintending control" and on the pleadings, depositions, and answers to interrogatories, resolved the factual issues in favor of the defendants, and summarily dismissed the plaintiffs' complaint.

On appeal the appellants claim the court should not have resolved disputed factual issues without an evidentiary hearing.

The appellees assert the court was correct in doing so because of the following stipulation of the parties:

"It is hereby stipulated by and between the parties herein through their respective counsel, that the court in considering the defendants' motion for accelerated judgment may have recourse to all of the pleadings, interrogatories and depositions presently on file with the court and may consider all of the above in making their [sic] determination as to whether the plaintiffs have stated their cause of action."

It has not been disputed that, as plaintiffs contend, they attempted unsuccessfully to have a hearing on their complaints before the civil service commission. The failure to have such a hearing cannot be charged to plaintiffs.

Since there was no hearing before the civil service commission, the trial judge erred in treating plaintiffs' plenary suit as one for superintending control. Superintending control replaces certiorari (GCR 1963, 711.3) but the scope of review thereon has not changed. *Indian Village Manor Company* v. *City of Detroit* (1967), 5 Mich App 679. The circuit court in exercising superintending control to review the action of another tribunal must decide on the record made below. *In re Fredericks* (1938), 285 Mich 262, 266, 267. If no record was made below, it has nothing to review by way of certiorari or application for superintending control which replaces it.

Plaintiffs brought a plenary suit and were entitled to an evidentiary hearing thereon. However, a hearing was not conducted, and the trial judge disposed of the case by dismissing the suit. The order of dismissal did not state whether it was by way of accelerated or summary judgment. In his written opinion the court alluded to deficiencies in the statement of claims in the complaint and in the proofs. We do not think the order of dismissal should have been entered.

The stipulation that in considering defendants' motion for accelerated judgment the court could have recourse to the pleadings, answers to interrogatories and depositions in determining whether plaintiffs have stated their cause of action is evidence of the confusion of the purpose of the two rules (GCR 1963, 116 and 117).

Whether plaintiffs have stated a claim is not material to a motion for accelerated judgment (GCR 1963, 116). A motion under rule 116 is the means of testing certain defenses (*e. g.* lack of jurisdiction of the subject matter) which may defeat a complaint even if it properly states a claim. The defense that the complaint fails to state a claim must be asserted

by motion for summary judgment under GCR 1963, 117 and may not be made by motion for accelerated judgment under GCR 1963, 116.

The stipulation concerns only the motion for accelerated judgment, and not the motion for summary judgment, even though it mistakenly assumes that a motion for accelerated judgment can test whether a claim has been stated in the complaint. The plaintiffs did not stipulate that their pleadings and answers to interrogatories could be considered on the motion for summary judgment, which sought to test whether a claim had been stated. Interrogatories and depositions are relevant only if the ground stated for summary judgment is that there is no genuine issue of material fact—not if it is asserted that the pleading fails to state a claim or defense.

Reversed and remanded. No costs, a public question being involved.

LEVIN and SULLIVAN, JJ., concurred.