CENTALA v. NAVRUDE

1. Compromise and Settlement—Incompetents—Court's Duty.

The trial court has a duty to investigate the fairness of a settlement and release executed by the guardian of an incompetent or an infant; the investigatory process must be real, not perfunctory or merely formal.

2. Infants—Infants and Incompetents—Court's Duty.

Courts are charged with the protection of rights of infants and incompetents.

3. Compromise and Settlement—Incompetents—Release—Fairness—Evidentiary Hearing.

Trial court's failure to hold an evidentiary hearing to determine the fairness of a release, signed by the guardian of a young girl rendered mentally incompetent by an automobile accident and releasing all three defendants for $24,000 was error; the fact that a suit against one of the defendants had already been dismissed as part of the settlement is irrelevant.

Appeal from Cheboygan, William R. Peterson, J. Submitted Division 3 November 12, 1970, at Grand Rapids. (Docket No. 8638.) Decided January 22, 1971.

Complaint by Irene B. Centala, guardian of Suzanne Irene Centala, against Evonne Marilyn Navrude, William Wallace Quance, and Mackinac County for damages for injuries sustained in an

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 15 Am Jur 2d, Compromise and Settlement § 9.
    42 Am Jur 2d, Infants §§ 11, 153.

automobile accident.   Summary judgment for defendants.   Plaintiff appeals.   Reversed.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian,* for plaintiff.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,*JJ.

R. B. BURNS, J.   Suzanne Centala was rendered mentally incompetent as the result of an automobile accident.   Suzanne's mother, as her appointed guardian, brought suit[1] against Navrude, driver of the vehicle in which Suzanne was riding; Quance, driver of another vehicle involved in the accident; and the County of Mackinac, Quance's employer.

Plaintiff guardian signed a release which by its terms released defendant Quance and "all other persons, firms or corporations liable or who might be liable", for the sole consideration of $24,000. Subsequent to the court's order dismissing the case as to defendant Quance, the defendant County of Mackinac filed a supplemental answer setting forth the defense of release.   Based on this defense the court granted defendant county's motion for summary judgment.

The guardian appeals, claiming that Michigan law requires the trial court to hold a hearing to determine the fairness of a release entered into by the guardian of an incompetent.

The cases of *Dudex* v. *Sterling Brick Co.* (1927), 237 Mich 470 and *Moebius* v. *McCracken* (1933), 261 Mich 409, offered as precedent by the plaintiff guardian, were the subjects of controversy at the trial level.   Plaintiff's view that *Dudex* applies to

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Pursuant to GCR 1963, 201.5(1).

this case is not shared by either the defendant or the trial court judge. In *Dudex,* the Supreme Court reversed the trial court on the ground that it committed error when it failed to determine whether a proposed settlement was fair to the minor. The trial court distinguishes *Dudex* on the ground that in the present case there exists a circuit court dismissal which is part and parcel of the settlement, while in *Dudex* the court's dismissal was based on a probate court approval of the settlement when the probate court lacked jurisdiction. This fact does not present any substantial difference. The overriding consideration in *Dudex* was that the court did not bother to inform itself as to whether rights of the infant were protected by the settlement. The court in *Dudex,* without delving into the facts surrounding the settlement for itself, accepted without question the probate court approval of the settlement.

The *Dudex* case was cited in *Moebius, supra,* to support the proposition that the trial court must make an effort to determine whether a settlement is in a minor's best interest. Fairness of the settlement must be determined by the trial court in every case. The fact that the ward in this case is an adult incompetent rather than a minor as in the *Dudex* and *Moebius* cases presents no distinction. Both wards, since they are unable to care for themselves, deserve the court's protection. This is the policy in many jurisdictions:

"The guardian is commonly required or permitted by statute to secure judicial sanction of a compromise or settlement of a claim or debt due to the ward." 39 CJS, Guardian and Ward, § 70, p 111.

Courts are charged with the protection of rights of infants and incompetents and should always give

due regard to such rights. 3 Callaghan, Michigan Pleading & Practice, § 32.35 p 97.

It is alleged by plaintiff guardian and not denied by defendant county that the trial judge did not see the release or attempt to see it and determine its fairness. The trial judge merely signed an order which recited the fact that a settlement had been reached between plaintiff and defendant Quance. We doubt if the trial judge would have signed the dismissal order if he had known that the settlement released *all* defendants for $24,000. This sum seems somewhat inadequate in light of the fact that a young girl has been rendered unable to talk, walk, or communicate for the rest of her life. The trial judge stated that admissions and issues framed by the pleadings often suffice when meeting the investigatory requirement laid down by *Dudex.* It could not have sufficed in this case since the trial judge had no knowledge of the terms contained in the settlement.

The investigatory process must be real, not perfunctory or merely formal. *Ombrello* v. *Duluth, S. S. & A. Ry. Co.* (1930), 252 Mich 396. The trial court's failure to determine whether the settlement was in the best interests of Suzanne Centala was error.

Reversed and remanded for proceedings consistent with this opinion.

All concurred.