CENTALA v NAVRUDE

1. APPEAL AND ERROR—SETTLEMENT BY GUARDIAN—FAIRNESS—EQUITABLE PROCEEDINGS.

A hearing to determine the fairness of a guardian's settlement and release is equitable in nature and subject to *de novo* review.

2. APPEAL AND ERROR—DE NOVO REVIEW—EQUITABLE PROCEEDING.

In reviewing a hearing to determine the fairness of a guardian's settlement and release, an appellate court ascribes great weight to the findings of the lower court and will not disturb those findings unless convinced it would have reached a different result had it been sitting as the lower court.

3. PRINCIPAL AND AGENT—COVENANT NOT TO SUE.

A covenant not to sue an agent does not discharge the principal from liability.

4. APPEAL AND ERROR—REFORMATION OF INSTRUMENTS—RELEASES.

The Court of Appeals, in reviewing a hearing to determine the fairness of a guardian's settlement and release of an agent, will reform a release to read as a covenant not to sue the agent when the release also inadvertently discharged the principal without requiring that principal to contribute any funds toward the settlement and a consideration of the severity of the ward's injuries indicates that such a release of the principal is not in the best interests of a ward, even though a settlement with the agent was in the ward's best interests (GCR 1963, 820.1[7]).

Appeal from Cheboygan, Edward H. Fenlon, J. Submitted Division 3 December 8, 1972, at Grand Rapids. (Docket No. 13758.) Decided February 23, 1973.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 4 Am Jur 2d, Appeal and Error § 213.
  5 Am Jur 2d, Appeal and Error § 772.
[3] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 118.

Complaint by Irene B. Centala, guardian of Suzanne I. Centala, against Evonne M. Navrude, William W. Quance, and Mackinac County for damages for injuries sustained in an automobile accident. Accelerated judgment for defendant Mackinac County after settlement and release of defendant Quance. Plaintiff appeals. Reversed and remanded.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Menmuir & Zimmerman,* for defendant Quance.

*Brown & Brown,* for defendant Mackinac County.

Before: T. M. Burns, P. J., and Holbrook and Van Valkenburg,* JJ.

T. M. Burns, P. J. Plaintiff's daughter was rendered mentally incompetent as a result of injuries sustained in an automobile accident on January 17, 1965.

Subsequently the plaintiff, as the duly court-appointed guardian of her daughter, brought suit in Cheboygan County Circuit Court against defendant Navrude, the driver of the auto in which her daughter was a passenger; defendant Quance, the driver of the other vehicle involved in the collision; and Quance's employer, the County of Mackinac.

During the pendency of the suit, the plaintiff negotiated a settlement with defendant Quance for the full amount of his liability insurance, *i.e.,*

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

$25,000.[1] Accordingly, plaintiff procured an opinion and order of the Presque Isle County Probate Court which stated that it was "for the best interest" of the ward that the sum agreed upon "be accepted in full and complete settlement of any and all claims which the said guardian * * * may now have or hereafter assert against William Wallace Quance * * * " relative to the auto accident. In addition, the opinion and order directed the plaintiff to execute all the "necessary and proper releases".

Pursuant to the opinion and order of the probate court, plaintiff signed a release in August of 1966, which purported to discharge defendant Quance, "his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations * * * " from liability for injuries occasioned by the automobile accident. The settlement was paid and defendant Quance was discharged from the circuit court action.[2]

In October of 1968, the County of Mackinac moved for a summary judgment on the ground that as a principal, the release executed by the plaintiff to its agent Quance also operated to release the county. See for example *New York Central R Co v Michigan Milk Producers Ass'n*, 3 Mich App 648 (1966). The trial court concurred and entered a summary judgment in favor of the county.[3]

Plaintiff appealed the entry of the summary judgment to this Court claiming that the circuit

---

[1] The settlement provided that $24,000 be paid over to plaintiff as guardian of her daughter and that $1,000 be paid to the parents of the incompetent, *i.e.,* Mr. and Mrs. Centala.

[2] The claims against defendant Navrude were settled for $20,000. This phase of the case is not at issue in this appeal.

[3] We note in passing that the motion should have been for an accelerated judgment pursuant to GCR 1963, 116.5.

court erred by not holding a hearing to determine whether or not the settlement and release was for the best interests of the ward. We agreed and remanded the case back for the requisite hearing. See *Centala v Navrude,* 30 Mich App 30 (1971).

In accordance with our opinion, the circuit court held a rehearing on the matter in May of 1971. Plaintiff's counsel failed to make an appearance. No witnesses were presented on behalf of the plaintiff. The only witness to testify was defendant Quance who related that while he was traveling south on Interstate 75, drifting snow at the bottom of a hill obscured his vision. As he emerged from the blowing snow, he saw the car in which plaintiff's daughter was riding straddling the center of the roadway. He stated that under the circumstances he was unable to avoid colliding with this vehicle. Defendant Quance also explained that aside from the liability insurance proceeds all of his other personal assets were held jointly with his wife. At the conclusion of this hearing the circuit court indicated that it was inclined to find the settlement reasonable.

A second hearing was held in November of 1971 at the request of plaintiff's counsel. At this hearing the plaintiff testified as to the full extent of her ward's injuries. In short the ward will be unable to ever walk, talk or take care of herself again. Both the plaintiff and her counsel stated that had they understood the release of defendant Quance would automatically discharge the County of Mackinac, the release would have never been executed because such a result was not in the best interests of the ward.

After considering all of the evidence presented at the two hearings, the circuit court refused to set aside the release and thereby upheld the summary

judgment in favor of the County of Mackinac. From this decision plaintiff brings the instant appeal.

While the hearing to determine the fairness of the guardian's settlement and release is equitable in nature and subject to *de novo* review, this Court nonetheless ascribes great weight to the findings of the court below and will not disturb those findings unless convinced it would have reached a different result had it been sitting as the lower court. *Dudex v Sterling Brick Co,* 237 Mich 470 (1927); *Moebius v McCracken,* 261 Mich 409 (1933); *Stribley v Michigan Marine, Inc,* 42 Mich App 218 (1972); *Smith v Neilan,* 44 Mich App 394 (1973).

We have carefully reviewed the evidence and testimony presented at the hearings in the court below and conclude that had we been sitting as the lower court we would have found that portion of the settlement discharging defendant Quance for the amount of his liability insurance to be in the best interests of the ward in view of the fact he had no other property which could be reached by the plaintiff. However, given the severity of the ward's injuries, we would not have found that portion of the settlement and release which inadvertently discharged the County of Mackinac without requiring it to contribute any funds toward the settlement to be in the best interests of the ward.

In order for the settlement to have been in the best interests of the ward under these circumstances, the release executed to defendant Quance should have been construed as a covenant not to sue. A covenant not to sue an agent does not discharge the principal from liability. Thus, the summary judgment entered in favor of the County of Mackinac which was predicated solely upon the purported release of Quance should have been set aside.

Therefore, pursuant to GCR 1963, 820.1(7), the release is reformed to read as a covenant not to sue defendant Quance, his heirs, executors or assigns; and accordingly, the summary judgment entered in favor of the County of Mackinac is vacated.

The case is remanded for further proceedings consistent with this opinion.