PLEZNAC v GRIVA

Docket No. 77-3420. Submitted February 14, 1978, at Detroit.—Decided October 17, 1978. Leave to appeal applied for.

John Pleznac brought an action against Sylvia Griva, Frank L. Malje and Peoples Community Hospital Authority for himself and as next friend in behalf of Daniel J. Pleznac, a minor, alleging medical malpractice. By agreement of all parties the complaint against Peoples Community Hospital Authority was dismissed with prejudice. Plaintiffs moved to have the dismissal set aside and to have the hospital authority added as a party for failure to inquire as to the best interests of the minor child at the time of the dismissal. The trial court first granted plaintiffs' motion then set aside the grant of the motion for lack of notice to the hospital authority and entered accelerated judgment in favor of the hospital authority based on the stipulation and order of dismissal. Plaintiffs again moved to set aside the dismissal and the Wayne Circuit Court, Michael L. Stacey, J., denied the motion. Plaintiffs appeal. *Held:*

1. Stipulations made based on misinterpretation of the law do not bind the court.

2. A guardian ad litem or next friend may not by stipulation surrender substantial rights of the infant, including the right to have the hospital as a party defendant.

Reversed and remanded for further proceedings.

M. F. CAVANAGH, J., dissented. He would hold that a dismissal of a party based on perceived immunity is not the surrender of any substantial right and that there was no misapprehension as to the status of the hospital authority's immunity at the time the stipulation was entered into. He further perceives the decision of the majority as inviting the reopening of long-settled litigation and as undermining the intended finality of GCR 1963, 504.1[1].

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Stipulations §§ 8, 12.

[2] 42 Am Jur 2d, Infants § 184.

[3] 42 Am Jur 2d, Infants § 210.

OPINION OF THE COURT

1. COURTS—PARTIES—STIPULATIONS—BINDING EFFECT OF STIPULATIONS
   —MISINTERPRETATION OF THE LAW.

   Stipulations of the parties to a lawsuit based on misinterpretation
   of the law do not bind the court.

2. GUARDIAN AND WARD—CAPACITY OF GUARDIAN—SUBSTANTIAL
   RIGHTS—TRIALS—DISMISSAL OF A PARTY AT TRIAL.

   A guardian ad litem or next friend may not by stipulation
   surrender substantial rights of the infant; a stipulation for the
   dismissal of a community hospital authority from a lawsuit by
   a next friend of a minor prior to the abrogation of governmen-
   tal immunity in such suits was beyond the capacity of the next
   friend and had no binding effect.

DISSENT BY M. F. CAVANAGH, J.

3. GUARDIAN AND WARD—CAPACITY OF GUARDIAN—SUBSTANTIAL
   RIGHTS—TRIALS—DISMISSAL OF A PARTY AT TRIAL—MISAPPRE-
   HENSION OF THE LAW.

   *A stipulation by a next friend of a minor for a dismissal of a
   hospital authority in a medical malpractice suit based on
   perceived immunity prior to the abrogation of that immunity
   by the courts is not a surrender of a substantial right of the
   minor; a stipulation to that effect is not a misapprehension as
   to the status of the law at the time the stipulation was entered
   into.*

*Maile & Leach* (by *Randall Winston*), for plain-
tiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy,
P.C.,* for defendant Peoples Community Hospital
Authority.

Before: D. E. HOLBROOK, P.J., and V. J. BRENNAN
and M. F. CAVANAGH, JJ.

D. E. HOLBROOK, P.J. Plaintiffs appeal the trial
court's order denying a motion to set aside a
stipulation and order of dismissal as to defendant
Peoples Community Hospital Authority. Plaintiffs'
original complaint in this medical malpractice
action was filed August 15, 1968. It is alleged that

Peoples Hospital and the individual defendants negligently administered excessive quantities of oxygen to the minor plaintiff postnatally for a period of approximately one month following his premature birth October 11, 1967, resulting in a condition diagnosed as retrolental fibroplasia which rendered said minor plaintiff totally and permanently blind.

On December 8, 1968, defendant Peoples Hospital filed a motion for dismissal, improperly denominated a motion for summary judgment, alleging governmental immunity.[1] This motion was never acted upon, however, on March 7, 1969, a stipulation of dismissal as to defendant Peoples Hospital only, signed by all parties, was filed. In pursuance thereof, the circuit court filed an order dismissing the action as to Peoples Hospital, with prejudice.

Early in 1973, plaintiffs filed a motion to set aside the above stipulation and to add Peoples Hospital as a party defendant. Plaintiffs alleged that "there was no inquiry at the time of the Order of Dismissal as to the best interests of the Plaintiff minor". This motion was granted, only to be set aside for lack of notice to defendant Peoples and by entry of accelerated judgment based upon the stipulation and order of dismissal. As the order setting aside plaintiffs' motion was without prejudice, plaintiffs filed an identical motion in December of 1973. On January 31, 1975, the trial judge filed an order denying plaintiffs' motion.

Plaintiffs' attempted appeal of this denial in February of 1975 was not allowed as the trial court's decision was not a final judgment. Plaintiffs thereupon renewed their motion to set aside the

[1] This motion was properly termed a motion for accelerated judgment. See GCR 1963, 116, 117, *Drouillard v City of Roseville*, 9 Mich App 239; 156 NW2d 628 (1967), *Pompey v General Motors Corp*, 385 Mich 537; 189 NW2d 243 (1971).

stipulation and dismissal of Peoples Hospital on April 28, 1977. This motion was denied on July 7, 1977, rendering it a final judgment as to Peoples Hospital, which the plaintiffs now appeal.

The plaintiffs' tenacity in seeking to have the 1969 stipulation and resulting dismissal of Peoples Hospital set aside stems from several more recent Michigan Supreme Court decisions which have considerably narrowed the doctrine of governmental immunity. As noted in defendant-appellee's brief:

"The motion [for summary judgment filed in 1969] asked for a judgment of dismissal in favor of Peoples and against Pleznac for the reason that at all times material thereto, Peoples, pursuant to statutes of the State of Michigan and specific decisions of the Michigan Supreme Court, had been determined to be a State agency, and thereby entitled to avail itself of the governmental immunity defense."

\* \* \*

"[A]pparently counsel [for each of the parties] were of the opinion that the Motion for Summary Judgment was well-founded, and a Stipulation of Dismissal \* \* \* was executed."

\* \* \*

"[This stipulation was] a stipulation and an order wherein *all parties to the lawsuit represented by counsel agreed that as a matter of law Peoples could not be sued for the injuries sustained by the plaintiff*". (Emphasis added.)

Plaintiffs seek to set aside the stipulation and order of dismissal on the claim that the subsequent abrogation of governmental immunity retroactively rendered Peoples Hospital amenable to suit.

On appeal, plaintiffs suggest that the line of cases requiring that the trial court determine

whether a proposed compromise or settlement is in the best interests of a minor plaintiff, should be extended to include the instant stipulation to dismiss. See *Dudex v Sterling Brick Co,* 237 Mich 470; 212 NW 92 (1927), *Palazzolo v Judge of Superior Court of Grand Rapids,* 234 Mich 547, 549; 208 NW 677 (1926), and *Centala v Navrude,* 30 Mich App 30, 32–33; 186 NW2d 35 (1971). In such case, the court's dismissal in reliance upon the stipulation but without a hearing to determine whether it is in the best interests of the minor would be error. *Centala, supra, Centala v Navrude,* 45 Mich App 282, 284–285; 206 NW2d 544 (1973), and *Moebius v McCracken,* 261 Mich 409, 414; 246 NW 163 (1933).

Defendant's brief cites 3 Callaghan's Michigan Pleading & Practice (2d ed), § 32.33, pp 93–94, to the effect that:

"Where there is a stipulation to dismiss, followed by an order dismissing the cause pursuant to the stipulation, the disposition of the case is final and binding in the absence of demonstrative fraud of a serious character in obtaining the stipulation." (Footnotes omitted.)

Neither the line of cases cited by plaintiffs, nor this general statement of the law put forth by the defendant, is determinative in the instant case.

Mr. Justice COOLEY correctly stated the applicable law a century ago in *Detroit v Beckman,* 34 Mich 125, 126 (1876): "[T]he admission of a rule of law could not obligate the court to accept and act upon it". In a unanimous decision, the Michigan Supreme Court recently reaffirmed *Beckman* in *Magreta v Ambassador Steel Co,* 378 Mich 689, 705; 148 NW2d 767 (1967). According to the Court: "The stipulations of the parties before the referee, reflecting as they do misinterpretation of the ap-

plicable law, do not preclude our disposition of this controversy in accordance with the law as we construe it". See also Anno: *Stipulation of Parties as to the Law,* 92 ALR 663, 674–675, § m.

The passages excerpted from defendant's brief clearly indicate that the parties entered into the stipulation agreement as a result of their (reasonable) misapprehension of the efficacy of Peoples Hospital's cloak of governmental immunity. The authorities cited above clearly indicate that such a "misinterpretation of the applicable law" need not bind the court.

Even if we were to construe the stipulation of the parties to have been merely the result of a mistake of fact, it would not necessarily have been binding in this case. The minor plaintiff's next friend did not have the power to surrender the minor's rights against the defendant. 83 CJS, Stipulations, § 15, pp 36–37:

"While it has been broadly stated that no person has any authority to stipulate in behalf of a minor, and that infant defendants are not bound by a stipulation as to facts, the general rule is that the next friend or guardian ad litem of an infant may give a binding assent to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved, this rule being subject to the limitation that the stipulation be approved and ratified by the court, on a showing that it is for the interest, or, at least, not prejudicial to the interest, of the infant. However, *a guardian ad litem or next friend cannot, in any event, by stipulations, surrender substantial rights of the infant; and stipulations and admissions of fact which are adverse and disadvantageous to the interests of infant defendants are not authoritative with respect to the determination of their rights."* (Footnotes omitted, emphasis added.)

See also 13 Callaghan's Michigan Civil Jurispru-

dence (2d ed), § 99, p 457 and 3 Callaghan's Michigan Pleading & Practice (2d ed), §§ 28.17, 28.18, 32.35, pp 19-21, 97-98.

In light of the recent Michigan Supreme Court decisions substantially abrogating the doctrine of governmental immunity during the time period in question, including *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971), and *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), a substantial likelihood exists that the stipulation served to foreclose significant rights of the plaintiff.[2] Ordinarily such a stipulation and dismissal under GCR 1963, 504 would be binding upon the plaintiff. Where, as here, the next friend plaintiff lacked the capacity to enter such a binding agreement, however, the court, with its traditional concern for the protection of the rights of minors, may look beyond the stipulation to the substance of the parties' agreement:[3] where that agreement purports to decide the law of the case it is clearly not binding on the court. (See *Beckman, supra,* and *Magreta, supra.)*

Under the unique facts of this case, it was a clear abuse of the trial court's discretion to allow the minor plaintiff's next friend to stipulate a matter of law which operated to foreclose substantive rights of the minor. Such a stipulation clearly

---

[2] On November 23, 1976, the Michigan Supreme Court in *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), held that any claim arising prior to August 1, 1970, effective date of the enactment of the first constitutional governmental immunity act, must be governed by common-law principles of government tort liability. The Court then abolished common-law immunity with respect to all pending and future case challenging this defense.

[3] Courts are charged with the protection of rights of infants and incompetents and should always give due regard to those rights. *Centala v Navrude,* 30 Mich App 30, 32-33; 186 NW2d 35 (1971), cites 3 Callaghan's Michigan Pleading & Practice, § 32.35, p 97.

exceeded the next friend's authority and is of no binding force or effect.

Reversed and remanded for actions consistent with this opinion. Costs to plaintiffs.

M. F. CAVANAGH, J. *(dissenting)*. There was no error in the trial court's refusal to set aside the stipulation. It is true that where the next friend of a minor plaintiff enters into a compromise or settlement of the minor's claims, the settlement is without effect unless, after a hearing, *Centala v Navrude,* 45 Mich App 282, 284–285; 206 NW2d 544 (1973), the trial court determines that it is in the best interests of the minor plaintiff. *Palazzolo v Judge of Superior Court of Grand Rapids,* 234 Mich 547, 549; 208 NW 677 (1926), *Dudex v Sterling Brick Co,* 237 Mich 470; 212 NW 92 (1927). Here, however, there was no compromise or settlement based on the merits of the case whose fairness the court could evaluate, for the trial court would have had to dismiss the action in any event as to Peoples. There was simply a stipulation, entered into in accordance with the applicable court rule, GCR 1963, 504.1(1), based on defendant Peoples' perceived immunity from suit. This conclusion disposes of the sole issue raised by plaintiffs.

However, the majority has seen fit to prolong this ten-year old phase of the instant case by injecting, *sua sponte,* the argument that the parties "misapprehended" the state of the law relative to governmental immunity at the time the stipulation was entered into. My brothers further believe that the minor plaintiff's next friend was without authority to bind the minor by the stipulation involved because it surrendered the minor's rights against defendant hospital—even though these rights weren't recognized by judicial pro-

nouncement until years following the entry of the stipulation. I cannot agree. There was no misapprehension as to the status of defendant's immunity at the time. A hearing to determine the best interests of this minor, held at that time, would have produced no different results and plaintiff's next friend could effectively bind the minor. I do not view the facts of this case to be as unique as my brothers view them. Their decision today invites the reopening of much long-settled litigation and greatly undermines the intended finality of GCR 1963, 504.1(1).

For these reasons, I would affirm the trial court's refusal to set aside the stipulation.