INSURANCE COMPANY OF NORTH AMERICA
*v.* SCHUNEMAN.

1. APPEAL AND ERROR—NONJURY CASES—QUESTION FOR TRIER OF FACTS—CLEAR PREPONDERANCE OF EVIDENCE.

   The Supreme Court does not substitute its judgment on questions of fact for that of the trial judge in a nonjury case unless the facts clearly preponderate in the opposite direction.

2. CARRIERS—NONJURY CASE—NEGLIGENCE—FINDING OF FACT—EVIDENCE.

   Finding of fact by trial court in nonjury action against motor freight carrier for damages to cargo of pianos and piano benches that defendant's driver was not negligent in failing to complete an S-curve in snowstorm at 11:30 p.m. late in November *held*, not against the clear preponderance of the evidence.

Appeal from Wayne; McDonald (Archie D.), J., presiding. Submitted May 7, 1964. (Calendar No. 68, Docket No. 50,318.) Decided July 8, 1964.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 839.

Case by Insurance Company of North America, an insurance corporation, assignee of Grinnell Brothers, a Michigan corporation, against Robert B. Schuneman, individually and doing business as Bob's Trucking, for negligent operation of truck resulting in damage to shipment of pianos. Judgment for defendant. Plaintiff appeals. Affirmed.

*Alexander, Buchanan & Conklin* (*John A. Kruse,* of counsel), for plaintiff.

*Earl D. Ross* (*Louis Rosenzweig,* of counsel), for defendant.

BLACK, J.  November 27, 1959, the defendant truck driver was returning to Detroit with a truckload of pianos and piano benches for Grinnell Brothers. He had picked up the load at Rochester, New York, and was driving a tractor trailer combination owned by Grinnell Brothers. About 2 hours out of Erie, Pennsylvania, while on Ohio route 90, defendant failed to make the final curve of a long highway "S". At the point where the combination left the pavement such curve was "about a 75 to 80 degree angle" to the left. The combination went off the highway at "approximately 30 to 35 miles an hour." Its right wheels dropped into the highway ditch; whereupon the combination tipped over on the right side thereof with the trailer "jammed" against a tree. The tree was "approximately 100 to 150 feet" beyond the point where the curve commenced. The time was about 11:30 p.m. It was "snowing hard." Damage to the pianos and benches totalled $13,157.86.

The plaintiff insurance company (assignee of Grinnell Brothers) sued defendant for negligence, alleging that he operated the "vehicle at a high and reckless rate of speed on a slippery highway."

The case was tried to the court. Judge McDonald found:

"The court has given considerable thought to the matter and without other testimony on the subject of reasonable speed under such conditions, namely, the type of truck, curve, highway, et cetera, does not feel that the evidence is sufficient for this court to hold that the defendant was negligent under the circumstances."

Judgment entered accordingly. Plaintiff, appealing, contends that the judge's findings are "not only against the great weight of the evidence, but directly contrary to all of the evidence adduced in the trial of this case."

The rule governing review of nonjury cases presenting questions of fact has been declared and applied many times. See, for example, *Schneider* v. *Pomerville,* 348 Mich 49; *Northwest Auto Co.* v. *Mulligan Lincoln-Mercury, Inc.,* 348 Mich 279; *Barnes* v. *Beck,* 348 Mich 286. The present case comes within that rule, there being arguable proof and inference from proof entitling the appointed trier of facts to find that the defendant truck driver was actionably negligent; also that he was not.

We agree with defendant's counsel that *Leonard* v. *Hey,* 269 Mich 491 (37 NCCA 111), is legally as well as factually applicable. There, the defendant driver's car having gone into a skid under similar weather and tractive conditions and with allegedly actionable result, like findings were affirmed as follows (p 495):

"There is undisputed evidence that the streets and rails were slippery and there is some evidence that the defendant's car made an improper crossing of the tracks and a jury might be inclined to favor plaintiffs with a verdict, yet the law permits the trier of the facts a wise discretion in determining what

those facts are. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction. In the instant case there is evidence from which the trial court could make the findings that he did."

Judgment affirmed. Costs to defendant.

KAVANAGH, C. J., and SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with BLACK, J.

DETHMERS and KELLY, JJ., concurred in result.