RIEMERSMA v. RIEMERSMA

1. APPEAL AND ERROR—NONJURY—FINDINGS OF FACT.

The Court of Appeals does not substitute its judgment for that of the trial court in a nonjury case unless the facts clearly preponderate in the opposite direction.

2. CONTRACTS—GIFTS—THIRD-PARTY BENEFICIARY.

The right of a third-party beneficiary to enforce a contract is the same as that of a promisee, and a claim for specific performance of a contract to make a gift as a third-party beneficiary must fail where the gift fails for lack of delivery.

3. CONTRACTS—GIFTS—THIRD-PARTY BENEFICIARY.

The intention to make a gift is not enforceable as a contract.

Appeal from Ottawa, Chester A. Ray, J. Submitted Division 3 November 12, 1970, at Grand Rapids. (Docket No. 7459.) Decided January 19, 1971.

Complaint by Henry Riemersma and Sena Israels against Lester Riemersma, Albertus Riemersma, Harvey Riemersma, LeRoy Riemersma, and Edward Riemersma for specific performance of a contract to pool and share various joint estates. Judgment for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 607, 609, 695, 839–845.
[2] 17 Am Jur 2d, Contracts §§ 302, 311, 317, 318.
[3] 17 Am Jur 2d, Contracts §§ 304–313.

*James W. Bussard,* for plaintiffs.

*Lokker, Boter, Dalman & Murphy,* for defendants.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

R. B. BURNS, J. Dick Riemersma, a single man, established joint estates with rights of survivorship in bonds or bank accounts with his sister Sena and all but one of his six brothers. The excluded brother and his sister Sena, who received relatively little compared to the other joint estates, brought this action against the other five brothers to enforce an alleged oral "pool and share" agreement. The plaintiffs contend that subsequent to Dick Riemersma's death all seven of the parties met and agreed that all of the jointly-held bonds and bank accounts would be equally divided among the parties.

The trial court, sitting without a jury, concluded that plaintiffs failed to prove by a preponderance of the evidence that defendants entered into an enforceable "pool and share" agreement.

In nonjury cases this Court's function on appeal is limited. We do not substitute our judgment for that of the trial court's unless the facts clearly preponderate in the opposite direction. *Insurance Co. of North America* v. *Schuneman* (1964), 373 Mich 394; *Beacon Plaza Shopping Center, Inc.,* v. *Tri-Cities Construction & Supply Company* (1966), 2 Mich App 415. Review of the testimony supports the trial court's finding that a specific agreement to divide the jointly-held property equally was never entered into by the defendants. Discussion of such

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a division agreement never resulted in a specific agreement to share the bank accounts.

Plaintiffs also claim the right to specific performance as third-party beneficiaries. A third-party beneficiary has only the same right to enforce the contract as would the promisee. MCLA § 600-.1405 (Stat Ann 1962 Rev § 27A.1405). Actual or constructive delivery is necessary to effectuate a gift. *Molenda* v. *Simonson* (1943), 307 Mich 139. Since there was no delivery in the case the plaintiffs cannot claim to be in a better position than the promisee.

Some of the defendants, particularly those with little to lose by a "pool and share" agreement, indicated a willingness to divide the joint accounts. However, intentions to make a gift are not enforceable as a contract. *White* v. *Grismore* (1952), 333 Mich 568.

Affirmed. Costs to defendants.

All concurred.