CONCRETE BLOCK & PRODUCTS CO. *v.* KURTZ

EVIDENCE—RECORDED TELEPHONE CONVERSATIONS—EDITED TAPES—
ESSENTIAL EVIDENCE.

> Refusal to admit into evidence in a trial for conversion tapes
> containing recorded telephone conversations between defend-
> ant's wife and the family attorney regarding their alleged con-
> spiracy against the defendant was not error where four of
> the six tapes had been edited, and the admission of fewer
> than all tapes would have resulted in obvious prejudice, the
> defendant failed to show in what respect the alleged con-
> spiracy altered the amount of corporate funds which he had
> converted and misappropriated, all of plaintiff corporation's
> claims against defendant were substantiated by voluminous
> business records, and the record does not support a claim
> that the attorney-client privilege was ever waived.

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 December 16, 1970, at Detroit.
(Docket No. 6426.) Decided May 24, 1971. Leave
to appeal denied, 386 Mich 755.

Complaint by Concrete Block & Products Co.
against Walter A. Kurtz for conversion and misap-
propriation of corporate funds. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Kasoff, Young, Gottesman & Kovinsky* (*Charles
Rubinoff*, of counsel), for plaintiff.

*Nelson & Wilson,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 436.

Before: J. H. GILLIS, P. J., and O'HARA* and
JEANNETTE,** JJ.

PER CURIAM.   This is an appeal as of right from a
judgment against defendant, Walter Kurtz, in the
amount of $81,116.37 for conversion and misappro-
priation of the corporate funds of plaintiff Concrete
Block & Products Company.

As required by GCR 1963, 517, the trial court sit-
ting without a jury made specific findings of fact re-
garding the amount of the judgment.   Findings of
fact by a trial judge in a nonjury action will not be
reversed on appeal unless they are clearly erroneous.
GCR 1963, 517; *McDaniels* v. *Schroeder* (1968), 9
Mich App 444; *King* v. *Partridge* (1968), 9 Mich
App 540; *Lidke* v. *Jackson Vibrators, Inc.* (1967),
379 Mich 294.   The record supports the court's rul-
ings and this Court will not reverse them.

The defense theory at trial was that there had
been a conspiracy between defendant's wife and the
family attorney, which he wished to prove by re-
corded telephone conversations.   The trial court
would not allow the tapes into evidence as four of
the six tapes had been edited.   The admission of
fewer than all the tapes would have resulted in ob-
vious prejudice.   Defendant assigns this as revers-
ible error.   He does not show in what respect this
alleged conspiracy could alter the amount of the debt
owed to Concrete Block.   The admission of the tapes
was not an essential element of proof since all
claims of plaintiff were substantiated by voluminous
business records.   The attorney's claim of the at-
torney-client privilege was also properly upheld by

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.
** Circuit judge, sitting on the Court of Appeals by assignment.

the trial court as the record does not support defendant's claim that the privilege was ever waived.

As there are no convincing circumstances disclosing that crucial proof has been overlooked or ignored and the findings of fact are supported by the record, this case is affirmed. *Northwest Auto Company* v. *Mulligan Lincoln-Mercury, Inc.* (1957), 348 Mich 279; *Schneider* v. *Pomerville* (1957), 348 Mich 49; *Barnes* v. *Beck* (1957), 348 Mich 286.

Affirmed. Costs to plaintiff.