*In re* WOJAN ESTATE

Docket No. 62676. Submitted February 7, 1983, at Grand Rapids.—
    Decided May 18, 1983. Leave to appeal denied, 418 Mich 873.

    During the administration of the estate of Anthony J. Wojan, Sr.,
    Madelyn Renaud as personal representative filed a petition
    with the Charlevoix Probate Court seeking an order transfer-
    ring certain property which had been owned by Wojan to a
    corporation known as Wojan Apartments, Inc. Phyllis Switzer,
    Stella D. Dubreville, Mary Wood and Delores Gallagher, chil-
    dren of Anthony J. Wojan, Sr., and among his testamentary
    heirs, objected to that petition. Robert L. Hoffman, attorney for
    decedent prior to his death, was permitted to intervene. John
    T. Murphy, J., held a hearing on the matter of the petition and
    determined that it was the intent of the testator that the
    property in question was to be transferred to the corporation. A
    final order transferring the property to the corporation was
    entered by the probate court. Switzer, Dubreville, Wood and
    Gallagher appeal. *Held:*

    The standard of review that is to be applied on appeal to the
    findings of a probate court sitting without a jury is whether the
    findings are clearly erroneous. The findings of the probate court
    were not clearly erroneous.

    Affirmed.

1. ACTIONS — PROBATE COURTS — BURDEN OF PROOF.
    The plaintiff or proponent in an action in probate court bears the
    same evidentiary burden as every litigant in a civil case, which
    is to prove one's case by the preponderance of the evidence.

2. APPEAL — PROBATE COURTS.
    The standard of review to be applied to findings of a probate
    court sitting without a jury is whether those findings are
    clearly erroneous.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 139.
    29 Am Jur 2d, Evidence § 123 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 841.

*Michael A. Gibbons,* for Madelyn Renaud.

*James R. Deamud,* for Phyllis Switzer, Stella D. Dubreville, Mary Wood and Dolores Gallagher.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *Charles H. Menmuir),* for intervenor Robert L. Hoffman.

Before: R. M. Maher, P.J., and R. B. Burns and P. J. Marutiak,* JJ.

Per Curiam. Several of the children of Anthony J. Wojan, Sr., deceased, appeal from a February 3, 1982, probate court order which directed the personal representative to transfer a group of rental properties from the estate to a corporation incorporated by the testator known as Wojan Apartments, Inc. The probate court found the testator's intent, as evidenced by the will and the circumstances surrounding its making, was for the apartment complex to be distributed through the corporate structure. The probate court certified its order as a final one and this appeal is timely and as of right. MCL 600.861; MSA 27A.861.

The plaintiff or proponent in the probate court bears the same evidentiary burden as every litigant in a civil case. Litigants must prove their case by a preponderance of the evidence. *Utley v First Congregational Church,* 368 Mich 90, 100; 117 NW2d 141 (1962).

The changes brought by 1978 PA 543; MCL 600.861; MSA 27A.861, and PCR 801, have yet to be fully digested by this Court. One matter yet unresolved is the appropriate standard of review in cases where the probate judge sits without a jury. While the General Court Rules, GCR 1963,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

517.1, provide that "[f]indings of fact shall not be set aside unless clearly erroneous", the Probate Court Rules give no such guidance. In *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), the Supreme Court articulated the "clearly erroneous" standard:

"In construing comparable 'clearly erroneous' language in Rule 52(a) of the Federal Rules of Civil Procedure, the United States Supreme Court has stated that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed'. After a review of the entire record of this case, we are left with such a definite and firm conviction. Appropriately, the 'judicial sieve' with which we have sifted the evidence in this non-jury case is 'of finer mesh than the one correspondingly employed on review' of a jury's verdict." (Footnotes omitted.)

Whatever the former review standard might have been, whether "against the preponderance of the evidence", *Jones v Eastern Michigan Motorbuses,* 287 Mich 619, 645; 283 NW 710 (1939), "manifest error" or "palpably erroneous", as many other cases state, the "clearly erroneous" standard is not significantly different.

In *Kevreson v Michigan Consolidated Gas Co,* 374 Mich 465, 467; 132 NW2d 622 (1965), the Michigan Supreme Court noted in a footnote that the "clearly erroneous" standard was equivalent to the "preponderance of the evidence standard" in the former court rule:

"Former Court Rule No 64 (1945) provided that 'Appellant may assign as error that the judgment is against the preponderance of the evidence.' This has been changed to "Appellant may assign as error that the

finding on the issue tried without a jury is clearly erroneous.' GCR 1963, 810. The change of wording does not affect our status as a reviewing Court. We adhere to what was said on that score in *Schneider v Pomerville,* 348 Mich 49 [81 NW2d 405 (1957)], *Northwest Auto Co v Mulligan Lincoln-Mercury, Inc,* 348 Mich 279 [83 NW2d 306 (1957)], and *Barnes v Beck,* 348 Mich 286 [83 NW2d 228 (1957)]."

We find that the "clearly erroneous" standard best serves the judicial process, and, in the absence of statute or court rule directing another standard of review, adopt the "clearly erroneous" standard.

We find that the probate judge's decision was not clearly erroneous.

Affirmed.