137 Mich. App. 374 (1984)
358 N.W.2d 14
In re BONTEA ESTATE
TAFLAN
v.
CITY NATIONAL BANK OF DETROIT
Docket No. 69543.
Michigan Court of Appeals.
Decided July 11, 1984.
John S. Ecclestone, II, for petitioner.
Fitzgerald, Young, Peters, Dakmak & Bruno (by Gerald F. Fitzgerald, Jr., and Stuart J. Snider), for respondent.
Before: ALLEN, P.J., and V.J. BRENNAN and R.M. DANIELS,[*] JJ.
PER CURIAM.
Petitioner appeals as of right pursuant to PCR 801.2(c)(1) from a probate court order denying his petition for appointment as conservator of the estate of Nicholas Bontea, an adult protected person. Respondent was appointed "guardian of the estate" of Nicholas Bontea on February 16, 1959, pursuant to the Uniform Veterans' Guardianship Act, MCL 35.71 et seq.; MSA 4.971(1) et seq. Petitioner argues that, as a person nominated in the will of the deceased parent of the protected person, he has priority over respondent pursuant to MCL 700.470(1); MSA 27.5470(1) for appointment as conservator.
The Revised Probate Code including MCL 700.470; MSA 27.5470, was enacted by 1978 PA 642 and took effect on July 1, 1979. Transition to *376 the new code is controlled by MCL 700.992; MSA 27.5992, which provides in part:
"Except as provided elsewhere in this act, on the effective date of this act:

* * *
"(b) A fiduciary, including a person administering an estate of a minor or incompetent holding an appointment on that date, continues to hold the appointment but has only the powers conferred by this act and is subject to the duties imposed with respect to any act occurring or done thereafter."
The Revised Probate Code uses the term "conservator" to refer to one given powers over the estate of a protected person and the term "guardian" to refer to one given powers over the person of a minor or a legally incapacitated person. MCL 700.3(5), 700.6(2); MSA 27.5003(5), 27.5006(2). Both "conservators" and "guardians" are "fiduciaries" as that term is used in the Revised Probate Code. MCL 700.5; MSA 27.5005. The term "guardian of the estate" does not appear in the Revised Probate Code and must therefore now be regarded as obsolete. However, the statutory definition of the term "conservator" shows it to be the equivalent of the obsolete term "guardian of the estate". The Revised Probate Code's change of terminology should not be mistaken for a change in substance. Therefore, respondent's appointment as guardian of the estate did not end with the enactment of the Revised Probate Code; instead, respondent continued in that capacity with all the powers and duties of a conservator.
On its face, MCL 700.470; MSA 27.5470 applies only to the appointment of a conservator; it does not purport to require or authorize the removal of *377 a previously appointed conservator in favor of a person with higher priority who subsequently appears on the scene. A conservator may be removed for good cause, MCL 700.475; MSA 27.5475, or for the reasons stated in MCL 700.574; MSA 27.5574, but petitioner here has made no argument in probate court or on appeal that respondent should be removed pursuant to these sections. On this record, the probate court did not err by declining to remove respondent and appoint petitioner in respondent's place.
In view of the foregoing, we need not resolve any conflict between the provisions of the Uniform Veterans' Guardianship Act and the Revised Probate Code. Because no material issues of fact were presented, the probate court did not err by fialing to hold an evidentiary hearing.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.