160 Mich. App. 704 (1987)
408 N.W.2d 525
In re POWELL ESTATE
POWELL
v.
MONOLIDIS
POWELL
v.
JEWELL
Docket Nos. 88453, 91414.
Michigan Court of Appeals.
Decided June 15, 1987.
Kepes & Wine, P.C. (by Carol A. McNeilage), for Selena Powell.
Zeff and Zeff & Materna (by Michael T. Materna and Harriett M. Morman), and Gromek, Bendure & Thomas (by Carl L. Gromek and Daniel J. Wright), of Counsel, for Theodore Monolidis.
*707 Before: MacKENZIE, P.J., and BRONSON and R.A. BENSON,[*] JJ.
PER CURIAM.
In Docket No. 91414, Theodore Monolidis, as conservator of the estate of a minor, Michael Powell, appeals from four orders issued by the Wayne Circuit Court: an order granting plaintiff Selena Powell's request to continue as next friend of her minor son, Michael; an order granting Ms. Powell's motion, in the capacity of next friend, for substitution of attorneys; an order denying Mr. Monolidis' motion for substitution of parties; and an order denying Mr. Monolidis' motion to stay proceedings pending emergency appeal. On April 4, 1986, this Court granted the conservator's emergency application for leave to appeal and stayed proceedings.
In Docket No. 88453, Selena Powell appeals as of right from an order issued by the Wayne County Probate Court appointing Mr. Monolodis as permanent conservator to the estate of Michael Powell. These two cases have been consolidated for appeal.
The underlying case giving rise to these appeals is a medical malpractice claim. On September 30, 1982, Michael Powell, then a five-year-old boy, underwent cosmetic surgery. During the administration of anesthesia, he experienced respiratory failure and cardiac arrest. The resulting loss of oxygen severely damaged his brain and nervous system. In October, 1982, Ms. Powell retained the law firm of Zeff and Zeff & Materna to prosecute the malpractice action. In May, 1983, a medical malpractice claim was filed in Wayne Circuit Court on behalf of Michael. Ms. Powell was appointed to serve as next friend. In October, 1984, Ms. Powell wrote a letter to the Zeff law firm announcing her decision to terminate the law firm *708 as her counsel and requesting that her file be forwarded to another law firm. In November of 1984, Ms. Powell, accompanied by the child's father, Eddie Herbert, met, at the request of the law firm, with Mr. A. Robert Zeff and other members of the law firm. It is alleged, and denied, that during the course of this meeting Mr. Herbert attempted to solicit a $5,000 "advance" from the firm.
Soon after this meeting, Zeff and Zeff & Materna filed a petition for protective proceedings in Wayne County Probate Court, and requested that a conservator be appointed to safeguard the assets of Michael Powell's estate. On November 19, 1984, the Wayne County Probate judge entered a preliminary protective order appointing Mr. Monolidis "to protect and represent" Michael Powell in the ongoing personal injury action. Concurrent with this action in probate court, Ms. Powell filed a motion for substitution of counsel in the Wayne Circuit Court. Ms. Powell asked that the Wayne Circuit Court substitute counsel not only for herself in her individual capacity, but also in her capacity as next friend of Michael Powell. On December 14, 1984, the Wayne Circuit judge ordered a substitution of counsel for Ms. Powell, individually, and ordered that a copy of the file be transferred to Ms. Powell's choice of attorney. However, the circuit court denied the remainder of the motion as to the substitution for the minor child. At the same time Ms. Powell also appealed the probate court's preliminary order to the Wayne Circuit Court.
In response to Ms. Powell's subsequent petition to be appointed permanent conservator of Michael Powell's estate, the Wayne County Probate Court conducted evidentiary hearings in April of 1985 culminating in the probate judge's order, bypassing *709 Ms. Powell and appointing Mr. Theodore Monolidis as permanent conservator. It is this latter order which is now on appeal.
In October, 1985, oral argument was conducted in the Wayne Circuit Court pursuant to Ms. Powell's appeal of the probate court's preliminary order. In light of the October 23, 1985 appointment of a permanent conservator, the appeal was dismissed by the circuit court as moot. However, in November, 1985, Ms. Powell filed a second motion in circuit court for substitution of attorneys and Mr. Monolidis, as permanent conservator, filed a responsive motion for substitution of parties. The Wayne Circuit judge granted a rehearing of her December 14, 1984, order. The conservator's application for leave to appeal was denied by this Court in January of 1986.
Evidentiary hearings before the circuit court commenced in January, 1986. Hearings in the circuit court resulted in: an order of March 19, 1986, determining that Selena Powell was qualified to continue to act as next friend of Michael Powell in the Wayne Circuit Court; an order of the same date permitting Ms. Powell to choose her own counsel and substituting attorney Carol A. McNeilage as attorney in place of Zeff and Zeff & Materna; an order denying Mr. Monolidis' motion to be substituted as the proper party in place of Ms. Powell as next friend; and an order denying the motion to stay proceedings. It is these four orders of the Wayne Circuit Court which are presently on appeal.
During the evidentiary hearing in probate court, Mr. Zeff's testimony was often concerned with matters not appropriate to the inquiry. However, the gist of his complaint against Selena Powell was that she ought not to be appointed conservator because she was present and did not object at *710 the time that the boy's father allegedly asked Mr. Zeff for $5,000. The facts surrounding the allegation are strongly contested by the participants in the meeting. The version given by Mr. Zeff and his allies is that Mr. Herbert asked for a $5,000 advance. The version advanced by Ms. Powell and her allies is that Mr. Zeff was trying to impress upon Ms. Powell and Mr. Herbert the large amount of money that Mr. Zeff could get for the boy in the lawsuit and that Mr. Herbert, in an attempt to test Mr. Zeff's honesty, asked Mr. Zeff to "put his money where his mouth is," and if the case was that good to put $5,000 on the table right then. Both Ms. Powell and Mr. Herbert deny that there was ever any present intention to take any money from Mr. Zeff's office.
Even if this Court were to accept as factually true the version of the facts advanced by Mr. Zeff, this Court is of the opinion that Mr. Herbert's misconduct would not be sufficient grounds to deny Ms. Powell her statutory priority.
The standard of review to be applied to findings of a probate court sitting without a jury is whether those findings are clearly erroneous. In re Williams Estate, 133 Mich App 1, 13; 349 NW2d 247 (1984); In re Wojan Estate, 126 Mich App 50; 337 NW2d 308 (1983), lv den 418 Mich 873 (1983). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the firm and definite conviction that a mistake has been committed. MCR 2.613(C); McMillan v Vliet, 422 Mich 570, 571, n 1; 374 NW2d 679 (1985); Tuttle v Dep't of State Highways, 397 Mich 44, 46; 243 NW2d 244 (1976); Wojan, supra, p 52.
Balanced against Mr. Zeff's testimony is Ms. Powell's testimony, quoted in Judge Szymanski's opinion, that the child's father "did not ask to *711 borrow $5,000." Although the father did not testify before Judge Szymanski, he did testify before Judge Battani. His version supports Ms. Powell's assessment of the nature of his conversation with Mr. Zeff. Both stated that the discussion of $5,000 was to test Mr. Zeff's honesty. Moreover, even if Mr. Zeff's version is correct, the father is not, and has consistently refused to become, a party to the underlying lawsuit. Moreover, there are no allegations that Ms. Powell's role in this conversation extended beyond mere silent acquiescence.
With respect to any conflict stemming from petitioner's status as a party in her own right, it is almost routine to appoint parents to manage the interests of their minor children. In Williams, supra, this Court held that the potential conflict of an adult child's position as sole heir to an estate did not provide good cause to deny her appointment as conservator of her father's estate. Williams, supra, p 13. Moreover, petitioner's status as next friend would require the circuit court to hold a hearing to determine the fairness of any action taken by her on behalf of Michael Powell. MCR 2.420; Dudex v Sterling Brick Co, 237 Mich 470; 212 NW 92 (1927); Pleznac v Griva, 86 Mich App 528; 272 NW2d 712 (1978), lv den 407 Mich 879 (1979). As to Ms. Powell's inability to manage any proceeds, this Court does not find any relevant evidence to support such a conclusion. Ms. Powell testified as to her intention to place any money received by Michael in trust. There is nothing to suggest that she believed that Mr. Herbert has any interest in Michael's money.
This Court finds the appointment of Mr. Monolidis as conservator an abuse of discretion. Considering Ms. Powell's status as a parent, in a position of statutory preference, and her status at the time of the decision as the next friend appointed by the *712 circuit court, there appears in the record no good cause to pass over her request to be permanent conservator of her son's estate. The order of the probate court appointing Mr. Monolidis as conservator is hereby reversed, and the matter is remanded to the probate court for the appointment of Ms. Powell as permanent conservator of her son's estate.
The next issue to be decided is whether the circuit court erred in reaffirming the appointment of Ms. Powell as the next friend over the objection of the conservator. Despite Mr. Monolidis' appointment as permanent conservator, the circuit court denied his motion for substitution of parties and reaffirmed Ms. Powell's appointment as next friend in the circuit court action. The conservator initially argues that the circuit court lacked jurisdiction to decide such an "estate related dispute" between a conservator appointed by the probate court and a next friend appointed by the circuit court. Although Ms. Powell's appointment as next friend preceded Mr. Monolidis' appointment as conservator, Mr. Monolidis argues that once the probate court's jurisdiction had been properly invoked its jurisdiction became exclusive. Identical arguments were raised in the circuit court and were rejected by the circuit court judge.
MCL 600.605; MSA 27A.605 vests the circuit court with original jurisdiction over all civil claims and remedies "except where exclusive jurisdiction is given in the constitution or by statute to some other court...." York v Isabella Bank & Trust, 146 Mich App 1, 4; 379 NW2d 448 (1985). MCL 700.21(d); MSA 27.5021(d) gives the probate court exclusive jurisdiction in matters relating to the appointment of a guardian, limited guardian or conservator in cases prescribed by law, resolution of any contested matter in respect to an estate or *713 ward and settlement of an estate. See also MCL 700.401; MSA 27.5401 and MCL 700.468; MSA 27.5468.
The Revised Probate Code uses the term "conservator" to refer to one given powers over the estate of a protected person. MCL 700.3(5); MSA 27.5003(5); In re Bontea Estate, 137 Mich App 374, 376; 358 NW2d 14 (1984), lv den 421 Mich App 863 (1985). A "next friend" has been defined as one who commences an action on behalf of a minor plaintiff and represents such plaintiff under supervision of the court. 16 Michigan Law & Practice, Minors, § 32, p 292. Since "estate" is defined by the code as the property of the person whose affairs are subject to its provisions, MCL 700.4(6); MSA 27.5004(6), the duties of a conservator and next friend are not identical or even necessarily overlapping. While the probate court may have exclusive jurisdiction to appoint a conservator, MCL 600.847; MSA 27A.847 and MCL 700.22; MSA 27.5022, the jurisdiction conferred by the Revised Judicature Act, MCL 600.841; MSA 27A.841, should not be construed to deprive the circuit court of its concurrent jurisdiction as originally exercised over the same matter. MCL 600.845; MSA 27A.845. Probate courts do not become courts of general jurisdiction just because an estate is involved. In re Kus Estate, 136 Mich App 343, 347; 356 NW2d 23 (1984). See also Van Etten v Manufacturer's Nat'l Bank of Detroit, 119 Mich App 277; 326 NW2d 479 (1982).
The conservator has cited no authority to refute this conclusion. Unlike York, supra, the issues addressed by the circuit court in the instant case involve no claims of improper behavior on the part of the conservator, as representative of Michael Powell's estate. Unlike In re L'Esperance Estate, 131 Mich App 496; 346 NW2d 578 (1984), the *714 issues addressed by the circuit court in the instant case involve no distribution of the estate assets. The exercise of the probate court's jurisdiction to appoint a conservator to oversee the estate of Michael Powell should not be construed to deprive the circuit court of jurisdiction, acquired prior to the probate court's action, to appoint a suitable next friend in order to proceed with the circuit court action.
Assuming the circuit court's jurisdiction, the conservator still argues that the court erred in ruling as it did. While he does not seriously dispute a next friend's right to substitute attorneys, he does argue that the pertinent court rules and statutes show an unmistakable intent that a conservator, once appointed, should rank as the highest nonjudicial authority in the management of an unadjudicated cause of action.
The court rules pertinently provide:
(E) Minors and Incompetent Persons.
(1) Representation.
(a) If a minor or incompetent person has a conservator, actions may be brought and must be defended by the conservator on behalf of the minor or incompetent person.
(b) If a minor or incompetent person does not have a conservator to represent the person as plaintiff, the court shall appoint a competent and responsible person to appear as next friend on his or her behalf, and the next friend is responsible for the costs of the action.
* * *
(2) Appointment of Representative.
(a) Appointment of a next friend or guardian ad litem shall be made by the court as follows:
* * *
(ii) if the party is a minor under 14 years of age or an incompetent person, on the nomination of *715 the party's next of kin or of another relative or friend the court deems suitable, accompanied by a written consent of the person to be appointed; or
(iii) if a nomination is not made or approved within 21 days after service of process, on motion of the court or of a party.
(b) The court may refuse to appoint a representative it deems unsuitable. [MCR 2.201. Emphasis added.]
It is clear from the wording "the court deems suitable" and the court "may refuse to appoint" that the appointment of a representative is a matter committed largely to the discretion of the lower court. There is no dispute that the initial appointment of Selena Powell as next friend was made in compliance with the rule. Rather, the dispute focuses on the probate court's subsequent appointment of Mr. Monolidis as conservator and its effect on the circuit court's initial appointment. The conservator would have this Court rule that the circuit court must bow to the probate court's action and substitute the conservator as next friend.
While the conservator cites, at length, various statutory provisions delineating the rights and powers of a conservator, nowhere does he provide authority for such a conclusion. Nor do the court rules support his argument. MCR 2.201(E)(1)(a) provides that "actions may be brought ... by the conservator" (Emphasis added.) The former rule contained the same permissive language. GCR 1963, 201.5(1).
MCR 2.201(E)(4) provides:
(4) Incompetency While Action Pending. A party who becomes incompetent while an action is pending may be represented by his or her conservator, or the court may appoint a next friend or guardian *716 ad litem as if the action had been commenced after the appointment.
While at first glance the section appears to be applicable, it is not. The section necessarily presupposes competency at the commencement of the action. Therefore, the court, faced with such a contingency, would not be confronted with the existence of a previously appointed next friend. And again, the language is permissive: "A party who becomes incompetent while the action is pending may be represented by his or her conservator...."
The language of MCR 2.201(E)(2)(b) mandates appointment of a next friend if a minor does not have a conservator to represent him. Nowhere does the rule suggest, by negative inference, that the court shall not appoint a next friend if a minor has a conservator to represent him. The conservator did not bring this action on behalf of Michael Powell; his mother did.
The circuit judge viewed the probate court's appointment as having no binding effect on her choice of next friend:

The Court: Now, there are two things here which we have to be sure not to mix up. One is the conservator for the child, who would handle the actual proceeds of the lawsuit, which may be in the millions of dollars.
The other one, who is the next friend, who is the person who is able to direct what is in the best interests of the child, though not doing the investing, et cetera, with the money.
I see no conflict between the mother. She appears, from all of the testimony, to be a loving, devoted woman who wants nothing but to care for her son. I think she has her son's best interests at heart. She has ability to make decisions on behalf of her son.

*717 In fact, she has been doing that ever since her son became injured.
There is no reason in this court's opinion to substitute any public administrator, conservator, or anyone not involved in this case, as next friend for the child.
In reaffirming Ms. Powell's appointment as next friend, the circuit court carefully reviewed the allegations of conflict of interest, took into account the probate court's decision and, in the exercise of its discretion, found that the circumstances did not justify substitution. While the circuit judge may not have deemed the conservator unsuitable, she did conclude that Ms. Powell continued to be more suitable. Given the circuit judge's continued discretion to appoint as next friend any person deemed most suitable, there is no error in her conclusion.
Finally, the conservator argues that the circuit court's orders violate the doctrines of res judicata, collateral estoppel and law of the case.
The arguments of res judicata and collateral estoppel completely ignore the circuit court's initial appointment of Ms. Powell as next friend. There is no reinstitution of the same cause of action and the issues adjudicated in the probate and circuit courts were not identical. See Topps-Toeller, Inc v City of Lansing, 47 Mich App 720, 727; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973). The probate court order appointed Mr. Monolidis as permanent conservator to manage any proceeds of Michael Powell's personal injury recovery. The circuit court orders reaffirmed Ms. Powell's appointment as next friend and her authority to direct the child's cause of action under supervision of the court. Contrary to the conservator's position, the probate court did not determine that Ms. Powell was not qualified to direct her *718 son's malpractice action. The determination that she was qualified had already been made by the circuit court and continued as an issue within that court's discretion.
As to the conservator's argument of law of the case, the proceedings were not one continuous action. The circuit court, in deciding to allow Ms. Powell to continue as next friend, did not review or reconsider the probate court's ruling. The circuit court's orders had no effect on Mr. Monolidis' appointment as conservator. With respect to the circuit court's own prior ruling denying Ms. Powell's initial motion for substitution of attorneys as next friend, the denial was without prejudice to her right to appeal. While the appeal was subsequently dismissed as moot, the circuit judge allowed a second motion for substitution based upon her view that the appointment of a permanent conservator should not impede Ms. Powell's continued authority to control the litigation. Nothing was "irrevocably established as the controlling rule" in the initial order. It merely reflects the circuit judge's decision to delay ruling on Ms. Powell's motion to substitute attorneys in her capacity as next friend until such time as the conservator moved for substitution.
The orders of the circuit judge are hereby affirmed.
Docket No. 88453 is hereby reversed, and the matter is remanded to the Wayne County Probate Court for entry of an order in keeping with this opinion. Docket No. 91414 is affirmed.
A reading of the transcript of the hearings in both the probate and circuit courts leaves this panel convinced that the motivation of Zeff and Zeff & Materna was not any real concern about the estate of Michael Powell or the ability of Selena Powell to manage the boy's affairs, but *719 rather was the fear of having a very lucrative lawsuit leave the firm. This panel agrees with the assessment of Judge Battani, who heard several days of testimony in the circuit court, examined the transcript of the probate hearing and heard witnesses who had testified at the probate hearing and other witnesses as well. Judge Battani's assessment was:
Certainly the firm (Zeff and Zeff & Materna) does not, and has not contested the ability of Ms. McNeilage to handle it. After all they assigned the case to her and let her handle it for three years.
In my opinion, this is the worst case of attorney manipulation that I have ever seen. There was no reason for this family to have to go through what it did and suffer a great tragedy, and now that tragedy has been compounded by abuse of the legal system.
This Court does not question Mr. Zeff's ability or his firm's ability to handle a personal injury case, but I will tell you, after seeing this, I sincerely question the ethics of that firm.
This panel is certainly convinced that the extra attorney fees, conservator's fees, guardian ad litem fees, and other costs incidental to the probate court proceedings and the various motions in circuit court to remove Ms. Powell as the next friend of Michael Powell should not be borne either by the estate of Michael Powell or by Selena Powell. On remand, the circuit court is directed to determine the costs, including actual attorney fees, incurred by the estate of Michael Powell or Selena Powell personally, including administrator's fees, guardian ad litem fees, and all other incidental expenses and to assess those costs against the firm of Zeff and Zeff & Materna. This can either be by way of direct assessment or it can be an offset *720 against any fees that the firm of Zeff and Zeff & Materna may eventually claim from the lawsuit because of work done by the firm prior to its discharge by Ms. Powell in October of 1984. This Court takes this action because it feels an obligation to make sure that these litigants not suffer any financial loss in what is really a tug of war between two law firms over control (and eventual recognition of a handsome fee) of a lucrative lawsuit.
BRONSON, J., did not participate.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.